## H. and R. YELVERTON *v.* SHELDEN and others.

S. a simple contract creditor of M. arranged with M. and a surety of M. on sundry debts, to whom M. had given a mortgage as security, that M. should discharge part of the mortgagee's liabilities and S. the residue, upon which the mortgage was to be assigned to S.; and the arrangement was consummated. *Held*, that S. could not enforce the mortgage for any more than he advanced, against a judgment docketed against M. before the assignment.

In respect of the judgment, the mortgage was discharged to the extent of the liabilities of the mortgagee which were paid by M.

Another debt could not be substituted and secured by the mortgage, in lieu of the extinguished liabilities so as to give it priority over the judgment.

S. having given up to M. his note on receiving the assignment, expecting to collect his debt upon the mortgage; it was held that M. was a necessary party in a suit by the judgment creditor to redeem the mortgage.

It was also held that the mortgagee was not a necessary party to such suit.

An assignment to two persons to secure their liabilities for the assignor, does not secure their several liabilities.

March 5; April 24, 1845.

THE complainants, on the 25th of April, 1843, recovered a judgment against Henry Miner, which was docketed and became a lien on his real estate in the county of Lewis. On the 7th of September following, they became the purchasers of the land on an execution issued upon their judgment and received a certificate from the sheriff.

The lands were subject to a mortgage executed by Miner to N. Gowdy, for $1100, dated April 30, 1842, which was in fact given to secure his indorsements for and claims against Miner. When the complainants recovered their judgment, Gowdy was Miner's indorser on two notes, one for $700 and interest to Peter Sterling, and the other for $175 and interest to Wilson, Mills & Co., and he had Miner's note for $16.

In August, 1843, H. Shelden & Co., merchants in New York, having a note against Miner for about $406, sent it to Lewis county for collection. A negotiation ensued which resulted in an agreement, whereby on Shelden & Co. advancing to Gowdy the

amount of the Sterling note, Miner was to procure him to be discharged from the other two notes on which he was liable, and was to secure $300 of Shelden & Co.'s debt and costs, and Gowdy was thereupon to assign his mortgage to the latter. All this was done; and Miner's note to Shelden & Co. was considered as cancelled.

The note to Wilson, Mills & Co. was taken up and Gowdy discharged, by a new note of Miner's with other security.

At the time of the execution of the mortgage, Miner assigned all his personal property to Gowdy and one Harger, as security for their liabilities in his behalf. Certain notes, the proceeds of this assignment, were transferred to Shelden & Co. with the mortgage, as further security.

The complainants, tendered to Shelden & Co. the sum paid by them to Gowdy with interest, (less about $200 which they alleged had been collected on the notes last mentioned;) and required an assignment of the mortgage. Shelden & Co. refused to receive the amount offered, and insisted that they were entitled to the mortgage for their whole debt against Miner, in addition to the sum which they advanced to Gowdy. The complainants thereupon filed the bill in this cause against Shelden & Co., to obtain a redemption of the lands mortgaged. In their answer the defendants insisted that Miner and Gowdy ought to be made parties to the suit. The cause was heard on the pleadings and proofs.

*J. H. Magher*, for the complainants.

*G. Bowman*, for the defendant.

THE ASSISTANT VICE-CHANCELLOR.—The complainants by their purchase at the sheriff's sale, became vested with all the title which Miner had to the mortgaged premises on the day the judgment was docketed, unaffected by any subsequent acts or agreements of either Miner or Gowdy. (*Kellogg* v. *Wood*, 4 Paige, 578; and see *Brinckerhoff* v. *Marvin*, 5 J. C. R. 326.)

When the defendants took the assignment of Gowdy's mortgage, it is not pretended that there were more than three claims

which Gowdy could enforce by virtue of the mortgage, as against the complainants judgment. Those were, the liability of $700 to Sterling; the liability to Wilson, Mills & Co., amounting to about $175; and the small debt of $16.

The defendants had a debt against Miner of nearly a year's standing, which was in suit, and which they were anxious to secure.

According to their own account of the transaction as given in their answer, Miner proposed to them that if they would advance the Sterling debt to Gowdy, he, Miner, would satisfy to Gowdy the balance of the mortgage, procure it to be assigned to them, and give to them security for their costs and for $300 of their debt. The defendants agreed to this proposition, and it was carried out.

They paid the amount of the Sterling debt to Gowdy. Miner paid or satisfied to Gowdy, the Wilson, Mills & Co. debt, and the note of $16. He gave to the defendants the stipulated security for the $300 and the costs; and Gowdy assigned to them Miner's mortgage. I have no doubt but that they supposed they could enforce this mortgage for the whole amount for which Gowdy held it, previous to their arrangement with Miner. But this was entirely a mistake.

The mortgage in their hands was valid for all for which Gowdy held it, at the moment he assigned it, and for nothing more. Before he assigned the security, he took care to see that Miner discharged the Wilson debt, and satisfied him for the note; and on assigning it, he received the Sterling debt.

The smaller debts were thus extinguished, before the mortgage was assigned to the defendants. They were satisfied by the debtor himself, and not by any money, property or other valuable consideration proceeding from the defendants.

This distinguishes the transaction from the cases cited by the defendant's counsel, where in substance, the party taking the assignment or becoming entitled to it, paid the money or property to the holder of the security or for his benefit. In this case, it was an attempt to substitute a part of the defendant's debt, for that of Gowdy, and thus to give it a priority over the complainant's judgment.

The mode pursued, was precisely the same in legal effect, as if the mortgage had been conditioned to pay to Gowdy $891, and Miner had paid to him $191, the defendants had paid the residue, and Gowdy had thereupon assigned the mortgage to the defendants.

It is perfectly clear that they can enforce the mortgage for no more than the $700 and interest paid by them to Gowdy.

The complainants offered to pay this amount to the defendants, in order to redeem the mortgage. But they insist farther, that Gowdy had in his hands as security for the same liabilities, certain notes which also came to the possession of the defendants; and that Gowdy was bound to use these notes in exoneration of his prior lien on the land, that being the only fund out of which the complainants could collect their debt.

Upon this point, I think the complainants are wrong.

The assignment of the notes of Miner was made to Gowdy and N. N. Harger jointly. It recites joint liabilities only, and it is those alone which the assignees were authorized to discharge from its proceeds.

The complainants appear to be entitled to a decree for redemption, on the merits of the controversy.

There is an objection for want of parties which remains to be considered.

I do not think that Gowdy is a necessary party to the suit. The defendants do not pretend that he was guilty of any fraud, deception or concealment, in making the assignment. The affair was not one of his seeking. On being discharged from his liabilities, he assigned the mortgage. The assignees or their agent, were cognizant of all the facts, and took such title as his transfer would give to them.

He has no interest in the matter, that I can discover.

It is otherwise as to Miner. The defendants, having failed to obtain the security by the mortgage, which he and they expected, for the payment of the balance of their debt due from him, are entitled (as the case now appears,) to be reinstated as his creditor for that balance. The defendants remedy on their note was gone, because the note was given up, or remained in their attorney's hands to be delivered up to Miner. It is therefore

necessary that he should be made a defendant in the suit, to enable them to have a decree over against him.

The suit may stand over. with leave to the complainants to make Miner a party, by a supplemental bill, upon payment of the defendants costs of the hearing.

In regard to the points that the complainants judgment was obtained by fraud, and was satisfied by a levy on sufficient personal property for its payment; I do not find any such issues raised in the answer. The same may be said of the remedy being ample at law. I may add, that there is no doubt of the jurisdiction of the court, both to prevent the sale attempted by the defendants, and to direct a redemption.

Decree accordingly that the suit stand over, and reserving all further questions and directions.